This Court remanded this cause to the trial court "with directions that a determination be made as to whether a hearing or any other proceedings were held prior to trial on the matter of McLeod's waiver of counsel." McLeod v. State,574 So.2d 882, 884 (Ala.Cr.App. 1990). In response, the trial court found that "there were no hearings or proceedings regarding the waiver of counsel issue other than those previously transcribed and submitted as part of the record."
As we noted in our opinion on original submission, the usual practice is for this Court to reverse the conviction where the record does not show a knowing and intelligent waiver of counsel by the defendant. McLeod 574 So.2d at 883. See also McLeod v. State, [Ms. 4 Div. 405, August 3, 1990] (Ala.Cr.App. 1990). Here, there was no waiver hearing to determine whether McLeod understood the dangers of self-representation. The record in this case does not show that the defendant himself clearly and unequivocally asserted his right of self-representation. Yet, while McLeod did represent himself at trial with some small assistance from standby counsel, the record is not clear as to exactly how his self-representation occurred, because the granting of appointed counsel's motion to withdraw was conditioned upon McLeod's request and approval "on the record," and, apparently, that request was never made. However, it appears from the pretrial motions filed by McLeod and from his conduct at trial that he was familiar with courtroom procedure. In certain cases, "[t]he judge's failure to address the accused personally may not be sufficient error to warrant reversal, particularly if the trial record demonstrates a knowing and intelligent waiver."Project: Nineteenth Annual Review of Criminal Procedure:United States Supreme Court and Courts of Appeals 1988-89, 78 Geo.L.J. 699, 1086-87 (1990) (footnote omitted), citing, among other cases, Fitzpatrick v. Wainwright,800 F.2d 1057, 1065-67 (11th Cir. 1986).
Because of these circumstances, we consider the best course of action to remand this cause to the trial court with directions that an evidentiary hearing be held to determine whether McLeod actually waived his right to counsel and whether that waiver was knowing and intelligent. At that hearing, the burden of proof shall be on the State. In making those determinations, the trial court shall take into account the factors discussed in Fitzpatrick, 800 F.2d at 1065-67, and any other facts and circumstances that the trial court deems relevant. The defendant shall have the right to be present at that hearing and the right to be represented by counsel. The trial court shall enter a detailed written order of its conclusion and the facts on which that conclusion is based. The hearing shall be held within 45 days from the date of this opinion. *Page 885 
A transcript of the hearing and the written order of the trial court shall be forwarded to this court with all reasonable dispatch. If the trial court finds that any waiver of counsel was not intelligent and voluntary, that court shall order a new trial.
OPINION EXTENDED; REMANDED WITH DIRECTIONS.
All Judges concur.